FILED: 9/6/2022 9:26 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 67961049
Reviewed By: Maria Hernandez

CAUSE NO. 220369-C_____

| | | |
|---|---|---|
| DIEU HO, <br> *Plaintiff,* <br><br> v. <br><br> TRD TRANSPORT, LLC, <br> DALER MANSUROV, AND <br> KAMOLIDDIN KHAMRUDINOV, <br> *Defendants.* | § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br> ORANGE COUNTY, TEXAS <br><br> 260th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DIEU HO** ("Plaintiff") and files his *Original Petition* against **TRD TRANSPORT, LLC, DALER MANSUROV,** and **KAMOLIDDIN KHAMRUDINOV** (collectively hereinafter, "Defendants") and, in support thereof, would respectfully show as follows:

### I. PARTIES

1. Plaintiff, **DIEU HO**, is an individual residing in Port Arthur, Jefferson County, Texas.

2. Defendant, **TRD TRANSPORT, LLC**, is a manager managed limited liability company organized under the laws of the State of Texas. **TRD TRANSPORT, LLC** is comprised on one managing member, Daler D. Mansurov, who is domiciled in and a resident of the State of Texas. **TRD TRANSPORT, LLC** may be served with process through its registered agent: Lawyer's Aid Service, Inc. at 505 W. 15th Street, Austin, Texas 78701.

3. Defendant, **DALER MANSUROV**, is an individual residing in El Paso County, Texas and may be served with process at his residence: 10420 Montwood Dr., Suite N-160 El Paso, TX 79935.

4.  Defendant, **KAMOLIDDIN KHAMRUDINOV**, is an individual residing in Newark, Newark County, New Jersey and may be served with process herein at his residence: 1805 A MLK Jr. Boulevard, Newark, New Jersey 07104.

## II. JURISDICTION AND VENUE

5.  This is a personal injury suit resulting from a motor vehicle collision. Both Jurisdiction and venue are proper in this cause. Venue is proper in Orange County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(2).

6.  While the damages to be awarded lie within the sound discretion of the fact finder based on the evidence as presented, Plaintiff recognizes the pleading requirements of TEX. R. CIV. P. 47. Accordingly, Plaintiff seeks monetary relief of $250,000 or more at this time.

7.  The Court has jurisdiction over Defendant **TRD TRANSPORT, LLC** because this limited liability company maintains a principal place of business in Texas and committed a tort, which is the subject of this suit, in whole or in part in Texas.

8.  The Court has jurisdiction over Defendant **KAMOLIDDIN KHAMRUDINOV** because he was doing business in the State of Texas and committed a tort, which is the subject of this suit, in whole or in part in Texas.

## III. DISCOVERY CONTROL PLAN

9.  Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by TEX. R. CIV. P. 190.

## IV. BACKGROUND

10. On or about June 17, 2021, Plaintiff was traveling on IH-10 in Orange County, Texas in a safe and reasonable manner. Unbeknownst to Plaintiff, Defendant **KAMOLIDDIN KHAMRUDINOV** had fallen asleep while driving his 18-wheeler and struck a guardrail as he

veered off the roadway, leaving the damaged guardrail hanging in Plaintiff's lane of travel and causing Plaintiff's collision. Indeed, Plaintiff swerved to miss the guardrail debris from Defendant **KAMOLIDDIN KHAMRUDINOV** but was unable to avoid it. Plaintiff sustained severe and disabling personal injuries, losses and damages as a result.

11. At all times material, Defendant **KAMOLIDDIN KHAMRUDINOV** was acting within the course and scope of his employment with Defendants **DALER MANSUROV** and/or **TRD TRANSPORT, LLC.**

12. After the crash, Officer Colton Perales conducted an investigation and wrote into his crash report that Defendant **KAMOLIDDIN KHAMRUDINOV** "failed to drive in a single lane due to possibly being fatigued and falling asleep." This crash was brought about to occur and was proximately caused by the negligence, direct and vicarious, of Defendants **KAMOLIDDIN KHAMRUDINOV, DALER MANSUROV** and **TRD TRANSPORT, LLC.**

### V. NEGLIGENCE OF KAMOLIDDIN KHAMRUDINOV

13. Paragraphs 1-12 are adopted by reference.

14. Plaintiff would show that Defendant **KAMOLIDDIN KHAMRUDINOV** was negligent and negligent *per se* in multiple ways, including the following:

   (1) In violating 49 C.F.R. Section 392.3 – "No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired…through fatigue, illness…"

   (2) In driving in a manner that was unsafe for the conditions present on the roadway;

   (3) In driving in a reckless, careless, unsafe and/or hazardous manner;

   (4) In driving at a rate of speed greater that what a person of ordinary care would have driven under the same or similar circumstances;

   (5) In failing to maintain a rate of speed as would have been maintained by a person of ordinary care would have driven under the same or similar circumstances;

(6) In failing to make a timely and/or proper application of the brakes as would have been made by a person of ordinary care under the same or similar circumstances;

(7) In failing to exercise a proper and/or safe lookout as would have been done by a person of ordinary care under the same or similar circumstances;

(8) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **KAMOLIDDIN KHAMRUDINOV** was distracted;

(9) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **KAMOLIDDIN KHAMRUDINOV** was physically and/or mental unable to do so in a safe and prudent manner;

(10) In failing to properly and safely inspect and/or maintain the vehicle he was operating;

(11) In violating state and federal law, including (but not limited to) the rules and regulations of the United States Department of Transportation and/or National Motor Carrier Safety Administration so as to make this defendant negligent *per se*; and

(12) In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

**VI. VICARIOUS LIABLITY OF DALER MANSUROV AND TRD TRANSPORT, LLC**

15.     Paragraphs 1-14 are adopted by reference.

16.     Defendants **DALER MANSUROV** and **TRD TRANSPORT, LLC** are vicariously liable for the negligence of Defendant **KAMOLIDDIN KHAMRUDINOV** under the theory respondeat superior as, at all times material, **KAMOLIDDIN KHAMRUDINOV** was employed by Defendants **DALER MANSUROV** and/or **TRD TRANSPORT, LLC** and was acting within the course and scope of said employment, and in the furtherance of said Defendants' business, at the time of the collision made the basis of this lawsuit. Pleading further, Plaintiff would show that, at all times material, Defendant **KAMOLIDDIN KHAMRUDINOV** was the 'statutory employee' of Defendants **DALER MANSUROV** and/or **TRD TRANSPORT, LLC** as that term is used and applied by the Federal Motor Carrier Safety Regulations.

## VII. DIRECT LIABLITY OF DALER MANSUROV AND TRD TRANSPORT, LLC

17. Paragraphs 1-16 are adopted by reference.

18. Defendants **DALER MANSUROV** and/or **TRD TRANSPORT, LLC** are directly and independently liable to Plaintiff for negligent acts and omissions as committed by them and their agents, employees, servants and representatives, some of which constitute negligence *per se*. These defendants owed specific duties to Plaintiff as well as the users of the public roads and highways, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendants **DALER MANSUROV** and/or **TRD TRANSPORT, LLC** breached these duties and are thus negligent in multiple ways including (but not limited to) the following:

(1) In violating 49 C.F.R. Section 392.3 – "No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired…through fatigue, illness…"

(2) In violating 49 C.F.R. Section 383.37 - Duty of Employer to not allow an unqualified driver to operate a commercial motor vehicle.

(3) In violating 49 C.F.R. Section 390.11 – Failure of motor carrier to require observance of duty or prohibition by drivers.

(4) In violating 49 C.F.R. Section 390.13 – Aiding or abetting violations.

(5) In violating 49 C.F.R. Section 391.23 – Failure to conduct investigation into the driver.

(6) In violating 49 C.F.R. Section 392.1 – Failure to instruct and train their driver on the Federal Motor Carrier Safety Regulations.

(7) In failing to exercise ordinary care in the screening, interviewing, vetting and hiring of Defendant **KAMOLIDDIN KHAMRUDINOV**;

(8) In failing to exercise ordinary care in the performance and/or execution of a background check on Defendant **KAMOLIDDIN KHAMRUDINOV**;

(9) In failing to exercise ordinary care in this Defendant's qualification of Defendant **KAMOLIDDIN KHAMRUDINOV** as a driver and operator of a commercial motor vehicle;

(10) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration in the hiring and qualification of Defendant **KAMOLIDDIN KHAMRUDINOV** as a driver of a commercial motor vehicle;

(11) In failing to exercise ordinary in the training of Defendant **KAMOLIDDIN KHAMRUDINOV** including but not limited to training Defendant **KAMOLIDDIN KHAMRUDINOV** to be a safe, careful and prudent driver of a commercial motor vehicle;

(12) In failing to exercise ordinary care in the monitoring and supervision of the activities of Defendant **KAMOLIDDIN KHAMRUDINOV**;

(13) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration training, monitoring and supervision of Defendant **KAMOLIDDIN KHAMRUDINOV** as a driver and operator of a commercial motor vehicle;

(14) In failing to exercise ordinary care in maintaining, servicing, repairing and inspecting the vehicle that Defendant **KAMOLIDDIN KHAMRUDINOV** was operating at the time of the collision made the basis of this lawsuit;

(15) In failing to comply with, or require compliance with, the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding the maintaining, servicing, repairing and inspecting of commercial motor vehicles such as (and including) the one being driven by Defendant **KAMOLIDDIN KHAMRUDINOV** at the time of the collision made the basis of this lawsuit;

(16) In failing to exercise ordinary care to prevent Defendant **KAMOLIDDIN KHAMRUDINOV** from operating a commercial motor vehicle at a time or under circumstances where Defendant **KAMOLIDDIN KHAMRUDINOV** was physically and/or mentally unable to safely drive and operate a commercial motor vehicle;

(17) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding Defendant **KAMOLIDDIN KHAMRUDINOV**'s physical and/or mental condition or ability to drive a commercial motor vehicle;

(18) In allowing Defendant **KAMOLIDDIN KHAMRUDINOV** to operate a commercial motor vehicle at a time or under circumstances when Defendant **DALER MANSUROV AND/OR TRD TRANSPORT, LLC** knew, or in the exercise of ordinary care should have known, that Defendant **KAMOLIDDIN KHAMRUDINOV** was unable to safely drive and operate a commercial motor vehicle;

(19) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration by allowing or requiring Defendant **KAMOLIDDIN KHAMRUDINOV** a commercial motor vehicle at a time or under circumstances when Defendant **DALER MANSUROV AND/OR TRD TRANSPORT,**

LLC knew, or should have known, that Defendant **KAMOLIDDIN KHAMRUDINOV** was unable to safely drive and operate a commercial motor vehicle;

(20) To the extent not already included in these allegations, Plaintiff invokes the legal doctrine of negligent entrustment. In this regard, Plaintiff would show that (a) the commercial motor vehicle being operated by Defendant **KAMOLIDDIN KHAMRUDINOV** at the time of the collision in question was owned or otherwise under the control of Defendant **ANGEL BROTHERS ENTERPRISES, LTD**, (b) Defendant **KAMOLIDDIN KHAMRUDINOV** was a reckless and/or incompetent driver and was otherwise unfit and/or unqualified to drive and operate the vehicle in question, and (c) Defendant **ANGEL BROTHERS ENTERPRISES, LTD**, knew, or in the exercise of ordinary care should have known, of such recklessness, incompetence, unfitness and/or lack of qualification; and

(21) In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

## VIII. PUNITIVE/EXEMPLARY DAMAGES

19. The above-stated facts that set forth the Defendants' acts and omissions constitute more than ordinary negligence. They are of such a nature so as to constitute gross negligence and to further and otherwise justify and require the imposition of punitive and exemplary damages over and against Defendants. Plaintiff hereby sues for the recovery of such damages.

## IX. DAMAGES

20. As a direct, legal and proximate cause of the Defendants' negligence, Plaintiff suffered severe and significant personal injuries. Plaintiff hereby sues to recover the following elements of damages:

(1) Reasonable and necessary medical and other health care-related expenses sustained in the past and which, in reasonable probability, he will sustain in the future;

(2) Loss and/or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, he will sustain in the future;

(3) Physical pain and suffering sustained in the past and which, in reasonable probability, he will sustain in the future;

(4) Mental anguish and emotional distress sustained in the past and which, in reasonable probability, he will sustain in the future;

(5) Physical impairment sustained in the past and which, in reasonable probability, he will sustain in the future;

(6) Physical disfigurement sustained in the past and which, in reasonable probability, he will sustain in the future;

(7) Loss and/or impairment of his enjoyment of life sustained in the past and which, in reasonable probability, he will sustain in the future; and

(8) Other damages to be specified after an adequate time for discovery and/or upon trial of this case.

21. Additonally, Plaintiff seeks damages for loss of use, storage fees, replacement costs, repair costs, and diminished value to their vehicle. Defendants' insurance company has refused to pay the property damages in a quick and reasonable manner. Plaintiff has, and continues to, suffer.

## X. RULE 193.7 NOTICE

22. Pursuant to TEX. R. CIV. P. 193.7, Plaintiff provides the "actual" written notice that Plaintiff intends to use all documents produced in this litigation at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendant(s) shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity

## XI. CONDITIONS PRECEDENT

23. Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied pursuant to TEX. R. CIV. P. 54.

## XII. RIGHT TO AMEND

24. Furthermore, Plaintiff would state that because of the complex nature of accident and collision, including the implication of multiple parties and vehicles, some of which may be unknown to Plaintiff, Plaintiff reserves the right to amend their pleading(s) to join and/or omit

parties as appropriate and to assert additional or different claims, allegations, causes of action, and grounds for recovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant(s) be duly cited to appear and answer herein; that, upon final hearing, Plaintiff has and recovers such sums as would reasonably and justly compensate them, in accordance with the rules of law and procedure as to actual damages, exemplary damages, court costs, pre-judgment and post-judgment interest, attorney's fees, and for such other and further relief, in both law and equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, L.L.P.**
350 Pine Street, Suite 1440
Beaumont, Texas 77704
(409)832-9700 - telephone
(409)832-9708- facsimile

_/s/ Cody Dishon_

**Cody A. Dishon**
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
**Samantha L. Leifeste**
State Bar No. 24116662
sleifeste@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Gardner on behalf of Cody Dishon
Bar No. 24082113
Agardner@thefergusonlawfirm.com
Envelope ID: 67961049
Status as of 9/6/2022 11:03 AM CST
Associated Case Party: Dieu Ho

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samantha Leifeste | | sleifeste@thefergusonlawfirm.com | 9/6/2022 9:26:14 AM | SENT |
| Jessica Burkett | | jburkett@thefergusonlawfirm.com | 9/6/2022 9:26:14 AM | SENT |
| Amy Gardner | | agardner@thefergusonlawfirm.com | 9/6/2022 9:26:14 AM | SENT |
| Cody Dishon | | cdishon@thefergusonlawfirm.com | 9/6/2022 9:26:14 AM | SENT |