FILED: 11/18/2022 7:06 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 70298256
Reviewed By: Maria Hernandez

CAUSE NO. 220369-C

| | | |
|---|---|---|
| **DIEU HO** | § | IN THE DISTRICT COURT |
| | § | |
| **VS** | § | 260TH JUDICIAL DISTRICT |
| | § | |
| **TRD TRANSPORT, LLC, DALER** | § | |
| **MANSUROV AND KAMOLIDDIN** | § | |
| **KHAMRUDINOV** | § | ORANGE COUNTY, TEXAS |

### DEFENDANT TRD TRANSPORT, LLC'S ORIGINAL ANSWER

Defendant, TRD Transport, LLC, file this Original Answer to Plaintiff's Original Petition and in support thereof would respectfully represent and show unto the Court the following:

### I.   General Denial

Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition and demands strict proof thereof.

### II. Chapter 33

Pleading further, as may be necessary, Defendant claims the benefits of Chapter 33 of the Texas Civil Practice and Remedies Code and asks the Court to submit to the Jury questions of negligence that proximately caused the accident and/or injuries to the Jury for determination as to all parties and to base judgment upon the jury's findings. In the event the evidence supports the submission of "sudden emergency" or "unavoidable accident," then Defendant requests that the Jury be instructed as to those doctrines.

### III. Limitation on Medical Expense Recovery

Further answering, Defendant would show that the Plaintiffs' recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the Texas Civil Practice & Remedies Code 41.0105.

### IV. Limitation on Lost Wages and Earning Capacity

Defendant claims the benefits of §18.091 of Texas Civil Practice & Remedies Code and asks the Court to require Plaintiff to submit his claim for loss of earning and loss of earning capacity in the form of a net loss after reductions for income tax and other Federal Income Tax law provisions.

### V. Affidavits

In the event Plaintiff attempts to prove up medical costs through affidavits under the Texas Civil Practice and Remedies Code Sec. 18.001, Defendant files this Notice of Intent to Controvert and, in accordance with Section 18.001 of the Texas Civil Practices & Remedies Code ("CPRC"), provides notice of intent to controvert the claims in Plaintiff's Billing Affidavits at trial.

### VI. Limitation on Punitive Damages

Defendant further affirmatively pleads, and in the alternative if necessary, that while the Defendant denies the commission of any act or omission constituting gross negligence or malice which was the proximate cause of Plaintiffs' alleged injuries, should the jury in this case find that Defendant was grossly negligent or acted with malice, and that such gross negligence or malice was the proximate cause of the occurrence made the basis of this suit, then Defendant would show that they are entitled to the limitations as to exemplary damages set forth in Chapters 41 of the Texas Civil Practice and Remedies Code as well as the limitations as to exemplary damages set forth in the Texas Constitution, the United States Constitution, and the common law.

### VII. Rule 193.7 Notice

In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant intends to use documents produced through discovery herein at the trial of this matter.

## VIII. Designated E-Service Email Address

The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: rustamedocs@wbclawfirm.com. This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## IX. Jury Demand

Defendants would respectfully request this matter be placed on the active jury docket.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant, but that Defendant go hence without delay and recover its costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS BALIDO & CRAIN, L.L.P.**

By: *William R. Rustam*

William R. Rustam
State Bar No. 00791584
2500 Tanglewilde, Suite 250
Houston, Texas 77063
(713) 335-0285
Rustamedocs@wbclawfirm.com
**ATTORNEY FOR DEFENDANTS
TRD TRANSPORT, LLC AND DALER MANSUROV**

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of November, 2022, a true and correct copy of the foregoing was forwarded to all counsel of record.

*William R. Rustam*
WILLIAM R. RUSTAM

**COUNSEL FOR PLAINTIFF**
Cody A. Dishon
Samantha L. Leifeste
THE FERGUSON LAW FIRM, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77704

*Via Email:* cdishon@thefergusonlawfirm.com
sleifeste@thefergusonlaw.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Chappell on behalf of Bill Rustam
Bar No. 791584
Jennifer.Chappell@wbclawfirm.com
Envelope ID: 70298256
Status as of 11/18/2022 8:05 AM CST

Associated Case Party: Dieu Ho

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cody Dishon | | cdishon@thefergusonlawfirm.com | 11/18/2022 7:06:52 AM | SENT |
| Jessica Burkett | | jburkett@thefergusonlawfirm.com | 11/18/2022 7:06:52 AM | SENT |
| Samantha Leifeste | | sleifeste@thefergusonlawfirm.com | 11/18/2022 7:06:52 AM | SENT |
| Amy Gardner | | agardner@thefergusonlawfirm.com | 11/18/2022 7:06:52 AM | SENT |

Associated Case Party: TRD Transport, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William R.Rustam | | RustamEdocs@wbclawfirm.com | 11/18/2022 7:06:52 AM | SENT |